IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 21, 2004

## DEMETRIUS LANCASTER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Giles County**
**No. 10179      Robert L. Holloway, Judge**

_____

**No. M2002-02432-CCA-R3-PC - Filed September 15, 2004**

_____

The petitioner, Demetrius Lancaster, appeals as of right from the order of the Giles County Circuit Court holding that his petition for post-conviction relief was barred by the statute of limitations. The petitioner contends that the trial court erred in dismissing his petition for being filed outside the one-year statute of limitations for filing post-conviction relief. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., and JOE G. RILEY, SP. J., joined.

Lucy D. Henson, Pulaski, Tennessee, for the appellant, Demetrius Lancaster.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; T. Michel Bottoms, District Attorney General; and Patrick S. Butler, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 15, 1997, the petitioner pled guilty to one count of attempted murder, one count of aggravated robbery, nine counts of aggravated assault, one count of reckless endangerment, one count of possession of a deadly weapon, three counts of possession of cocaine, and five counts of forgery. The trial court sentenced him to fifteen years in prison. On September 26, 2001, the petitioner filed a petition for post-conviction relief alleging that his plea was not voluntary and knowing, that the trial court did not properly accept his guilty plea and that he received the ineffective assistance of counsel. On motion by the state, the trial court summarily dismissed the petition finding it was barred by the one-year statute of limitations.

On appeal, the petitioner contends that the one-year statute of limitations for the filing of a post-conviction petition should have been tolled because during his guilty plea hearing, he was taking Thorazine, Haldol, Zoloft and "Coldgent." He argues these medications prevented him from

understanding his rights and rendered him mentally incompetent. The state argues that the petitioner has failed to allege that he was mentally incompetent during the entire four-year period from the entry of judgment until the filing of the petition for post-conviction relief, and therefore, the trial court properly dismissed the petition. We agree with the state.

The Tennessee Post-Conviction Procedure Act specifies that

> a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such a petition will be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity.

T.C.A. § 40-30-202(a).

If a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, a court may still consider it if (1) a new constitutional right has been recognized; (2) the petitioner's innocence has been established by new scientific evidence; or (3) a previous conviction that enhanced the petitioner's sentence has been held to be invalid. Id. at § 40-30-102(b)(1)-(3). A court may also consider an untimely petition for post-conviction relief if applying the statute of limitations would deny the petitioner due process. Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992); see, e.g., Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000) (holding that due process mandates the tolling of the statute of limitations during periods of a petitioner's mental incompetence in order not to deny the petitioner "an opportunity to raise a claim in a meaningful manner"). In this regard, our supreme court has provided certain pleading requirements for a petitioner seeking a tolling of the statute because of mental incompetence:

> [T]o make a prima facie showing of incompetence requiring tolling the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal under Tenn. Code Ann. § 40-30-206(b) & (f). The required prima facie showing may be satisfied by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence. While affidavits and depositions of mental health professionals may be utilized, they are not essential, and a petitioner may rely upon affidavits and depositions from family members,

> prison officials, attorneys, or any other person who has knowledge of facts that demonstrate either the petitioner's inability to manage his personal affairs or the petitioner's inability to understand his legal rights and liabilities.

State v. Nix, 40 S.W.3d 459, 462-64 (Tenn. 2001) (citations omitted).

In the present case, the petitioner has not alleged sufficient facts that, taken as true, warrant a legal conclusion that he was mentally incompetent to file a post-conviction claim at all times material to the statute of limitations. The petition states that the petitioner was under the influence of various medications during the plea hearing, but it does not allege that he was under the influence of these medications during the entire four-year period from his conviction to the filing of his petition. The petition also fails to allege that the petitioner's taking the medications rendered him unable to understand his legal rights and liabilities. Finally, the petition does not include affidavits from mental health professionals or family members attesting to the petitioner's mental incompetence during the entire limitations period. Unsupported and conclusory claims such as these are insufficient to make a prima facie showing that the one-year statute of limitations should be tolled. See Nix, 40 S.W.3d at 464. We hold that the trial court's dismissal of the petition was proper because it was filed outside the one-year statute of limitations and we affirm the judgment of the trial court.

_____

JOSEPH M. TIPTON, JUDGE